## ESTOPPEL AS TO A PROTECTIVE ASSOCIATION POLICY.

RICHARDS, RECEIVER, ETC., v. THE LOUIS LIPP CO.,

AND

RICHARDS, RECEIVER, ETC., v. THE AMERICAN FIRE BRICK & CLAY CO.

69 Ohio State—Decided, January 5, 1904.

*Mutual Protective Association Policy—Held in Good Faith as Indemnity—Association Estopped from Denying Recovery for Loss on Such Policy—Because Plaintiff Did Not Sign Constitution of Association as Member—Assured also Estopped to Deny Being a Member of Association—Because of Failure to Sign Constitution—Sections 3686-3690, Revised Statutes.*

1. Where a policy has been issued by a mutual protective association which is organized and doing business under Sections 3686-3690, Revised Statutes, and said policy has been held in good faith as an indemnity, and premiums have been paid and received under it, such association is estopped from asserting by way of defense to an action to recover for a loss under said policy, that the plaintiff is not a member of the association because he has not signed the constitution of the association.

2. Where a policy has been issued in good faith by such association and has been received and held by the assured as an indemnity, upon the condition set out in said policy that such policy is made and accepted subject to the express agreement by the assured that he will pay such further assessments within thirty days from notice thereof, as might be made under the by-laws adopted for the government of said association, and in accordance with the laws of Ohio, the assured, in an action to recover assessments on such policy, is estopped to deny that he is a member of said association because he had not signed the constitution thereof.

No. 8390. Error to the Circuit Court of Hamilton County.

No. 8153. Error to the Circuit Court of Tuscarawas County.

The case against the Louis Lipp Co. was begun in the Common Pleas Court of Hamilton County on a policy issued by the Aetna Fire Association, which was duly organized under Sections 3686-3690, Revised Statutes of Ohio. The cause of action was a loss by fire sustained by the holder of a policy. The plaintiff in error, defendant below, defended upon the ground that the policy was void for the reason that the constitution of said association was never signed by this policy-holder. The plaintiff replied, setting up the issuing of the policy and the receiving and holding of the premium as a waiver of the signing

of the constitution, and claimed an estoppel because of the waiver. The court of common pleas rendered judgment for the plaintiff, and that judgment was affirmed by the circuit court.

The case of The American Fire Brick & Clay Co. was begun in the Court of Common Pleas of Tuscarawas County, by the receiver of the Aetna Fire Association, to recover an assessment decreed by the Court of Common Pleas of Hamilton County in the matter of the dissolution of said association. The petition sets out the ordinary allegations, showing the authority of the receiver to bring the action, setting up the decree of the court which made the assessment, stating that proper notice was given giving the time and amount in which the defendant was insured, and alleging that during the time when the policy was running the defendant held the same, and that one of the conditions of the policy was that it was made and accepted subject to the express agreement by the assured that he would pay such further assessments within thirty days from notice thereof as might be made under the by-laws adopted for the government of said association, and in accordance with the laws of the state of Ohio; and alleging that by the accepting and holding of the policy aforesaid the defendant, The American Fire Brick & Clay Co., effected insurance in, and became, and continued to be a member of said association between said dates and in said amount, and received the contingent benefits arising from said insurance, and thereby agreed to, and became liable for its proportion of all losses and expenses incurred by the association between said dates, and to pay such assessments on the amount of the defendant's policy as should be required by law and the orders of the directors of the association. The defendant demurred to the petition. The demurrer was sustained by the court of common pleas upon the ground that it was necessary for the assured, The American Fire Brick & Clay Co., to sign the constitution of the association; otherwise that its policy would be void. The circuit court affirmed the judgment of the court of common pleas.

*Patterson A. Reece, Smith W. Bennett* and *J. W. Yeagley,* for plaintiff in error.

*Peck, Shaffer & Peck* and *Neely & Patrick,* for defendants in error.

Davis, J.; Burket, C. J., Spear, Shauck and Price, JJ., concur.

The Aetna Fire Association was duly organized under Sections 3686-3690, Revised Statutes. The first of these cases is an action by the holder of a policy issued by this association, to recover for a loss sustained by fire. In the other case the cause of action set out in the petition is an assessment by the Court of Common Pleas of Hamilton County in the matter of the dissolution of the said fire association. In both cases resistance is made to recovery, on the ground that a policy issued by such an association is void unless the assured shall have signed the constitution of the association. In contending for this proposition some reliance is placed on the following language which appears in the opinion in *State, ex rel,* v. *Manufacturers' Mutual Fire Association*, 50 Ohio St., 149, viz.:

"To become a member the person must sign his name to the constitution." This is merely a construction of the language of the statute (Section 3690, Revised Statutes), which is that: "All persons who sign such constitution shall be considered and held to be members of the association, and shall be held in law to comply with all the provisions and requirements of the association." In that case the question which is before us in these cases did not arise and was not considered, viz., whether the assured, on the one hand, might not be estopped by his conduct when sued for assessments from asserting that he had not complied with the law, or that he was not legally a member; and whether, on the other hand, the association might not be estopped by its conduct, when sued on its policy from asserting that it had not required and obtained the signature of the assured to the constitution. The remark in the opinion in *State, ex rel,* v. *Manufacturers' Mutual Fire Association*, while it is strictly correct, was made with reference to a wholly different controversy, and is not pertinent here.

There is no provision in the statute that a policy issued by a mutual protective association shall be void if the assured does not sign the constitution. It is only by inference that it can be said that it even would be voidable. To allow either party to the policy to set up his own wrong as a defense to an obligation incurred under the policy, where the policy has been issued and held in good faith as an indemnity and where premiums have been paid and received under it, is not only manifestly un-

just, but contrary to settled rules of law. It was held in *Tone* v. *Columbus,* 39 Ohio St., 281, that:

"Want of power in the corporation may be waived, or an estoppel may arise from failure to assert it at the proper time."

And in *Matt* v. *R. C. Mutual Protective Society,* 70 Ia., 455, it was held that, "a religious society, formed under the auspices of a church, which includes a mutual life insurance scheme as one of its features, can not defend against a suit on one of its policies upon the plea of *ultra vires,* when it has been receiving the assessments on the policy." In an action upon a bond and mortgage given to a "loan and fund association," reciting in the bond that the signer is a member of such association, and recognizing the obligation of the by-laws, it was held that in the absence of fraud, the signer was estopped to deny that he was a member of the association (*Howard Mut. Loan & Fund Association* v. *McIntyre,* 3 Allen [Mass.], 571.) In *Parker* v. *U. S. Building, Land & Loan Association,* 19 W. Va., 744, it was held that:

"The failure of a member to sign the constitution of such association, if he has for a long time acted as a member of the association, will not prevent the association from enforcing the performance of a contract made with such member, though it be a contract which the association was not authorized to make with any but a member."

Finally, it was held by this court, in *Trumbull County Mut. Fire Ins. Co.* v. *Horner,* 17 Ohio, 407, that a member of a mutual fire insurance company, when sued upon an assessment upon his deposit note, to pay a loss occasioned by fire, can not set up a defense that he and his associate corporators have neglected to comply with the provisions of their charter.

It is our opinion, therefore, that the judgment of the Circuit Court of Hamilton County, and that of the Court of Common Pleas, in the case of The Louis Lipp Co., should be and are hereby *affirmed;* and that in the case of The American Fire Brick & Clay Co., the judgments of the Circuit Court of Tuscarawas County and of the Court of Common Pleas, were erroneous; but on authority of *Slingluff* v. *Weaver,* 66 Ohio St., 621, and *Gompf* v. *Wolfinger et al.,* 67 Ohio St., 144, the case is

*Dismissed for want of jurisdiction.*